UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-60410-CIV-COHN/SELTZER

EDWINA TALLEY,

    Plaintiff,

v.

GQ HOLDINGS 1329, L.L.C.,
KONAUR CAPITAL CORPORATION,
and HARRIS HOWARD, PA,

    Defendants.
_____/

## ORDER REQUIRING MORE DEFINITE STATEMENT OF CLAIMS

**THIS CAUSE** is before the Court sua sponte.  The Court recently set a hearing on Defendant GQ Holdings 1329, L.L.C.'s Motion to Dismiss the Amended Complaint or in the Alternative Motion for More Definite Statement [DE 28], Defendant Harris Howard, P.A.'s Combined Motion to Dismiss Amended Complaint and Motion for Summary Final Judgment [DE 29], and Defendant Kondaur Capital Corporation's Motion to Dismiss and/or for More Definite Statement as to Plaintiff's Amended Complaint [DE 31] (together, "Motions").  After further reviewing the Motions and other filings in this case, however, the Court will cancel the motion hearing and require Plaintiff to file a more definite statement of her claims against Defendants.

Rule 12(e) of the Federal Rules of Civil Procedure allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  "A Rule 12(e) motion is appropriate if the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good

faith, without prejudice to itself." Ramirez v. FBI, No. 8:10-cv-1819-T-23TBM, 2010 WL 5162024, at *2 (M.D. Fla. Dec. 14, 2010) (alteration & internal quotation marks omitted). Such a motion is "intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail." Aventura Cable Corp. v. Rifkin/Narragansett S. Fla. CATV Ltd. P'ship, 941 F. Supp. 1189, 1195 (S.D. Fla. 1996).

This action is based on alleged conduct by Defendants in connection with a state-court foreclosure of Plaintiff's home mortgage. Plaintiff's pro se Amended Complaint [DE 36] sets forth many different allegations, which are often vague or otherwise unclear. For this reason, the Court cannot reliably discern the factual and legal grounds for Plaintiff's claims against each Defendant. And while Defendants have tried to respond to some of Plaintiff's claims, a review of their motion papers makes clear that they too do not fully comprehend the allegations in the Amended Complaint. Especially since Plaintiff is now represented by counsel, the Court finds it proper under Rule 12(e)—and in the interests of justice—to allow Plaintiff to submit a more definite statement of her claims. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff shall file a Second Amended Complaint in accordance with this Order by **January 8, 2015**;

2. Defendants shall respond to the Second Amended Complaint by **January 29, 2015**;

3. Except to the extent they seek a more definite statement of Plaintiff's claims, Defendant GQ Holdings 1329, L.L.C.'s Motion to Dismiss the Amended Complaint or in the Alternative Motion for More Definite Statement [DE 28], Defendant Harris Howard, P.A.'s Combined Motion to Dismiss Amended

      Complaint and Motion for Summary Final Judgment [DE 29], and Defendant Kondaur Capital Corporation's Motion to Dismiss and/or for More Definite Statement as to Plaintiff's Amended Complaint [DE 31] are **DENIED AS MOOT**. If appropriate, Defendants may renew their Motions in response to the Second Amended Complaint; and

4.    The Motion Hearing scheduled for December 10, 2014, is **CANCELLED**.

      **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 9th day of December, 2014.

_James J. Cohn_
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF